Estate of Bernard M. Weiss, Deceased, Wm. A. Schnader and Amber C. Weiss, Executors v. Commissioner.
Estate of Weiss v. Commissioner
Docket No. 74991.
United States Tax Court
T.C. Memo 1960-219; 1960 Tax Ct. Memo LEXIS 69; 19 T.C.M. (CCH) 1223; T.C.M. (RIA) 60219; October 14, 1960
*69 Thomas P. Glassmoyer, Esq., for the petitioner. David E. Crabtree, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in estate tax against the petitioner in the amount of $3,411.16. The only issue before us is whether the value of the property passing to decedent's surviving spouse under the residuary clause of his will is to be reduced by the estate tax and Pennsylvania inheritance tax attributable thereto by reason of a testamentary provision that such taxes shall be paid out of the principal of the residue of the estate. All of the facts have been stipulated and are so found. Bernard M. Weiss died testate on June 23, 1954, a resident of Philadelphia, Pennsylvania. The petitioner is the Estate of Bernard M. Weiss. The decedent's will, dated June 11, 1954, was admitted to probate by the Register of Wills of Philadelphia County, Pennsylvania, on July 1, 1954. Paragraph FOURTH thereof provides, in pertinent part: FOURTH: All the rest, residue and remainder of my estate I dispose of as follows: I give one-half (1/2) to my wife, AMBER CLOTILE WEISS, absolutely and in fee simple; and the other one-half *70 (1/2) I give to my Trustees hereinafter named to hold upon the following trust: Paragraph SIXTH of the decedent's will provides as follows: SIXTH: All estate, inheritance, succession and other taxes payable by reason of my death on any property forming part of my estate for the purpose of such taxation, whether or not passing under my will, shall be paid exclusively out of the principal of my residuary estate; and I direct my Executors not to claim or accept any deduction or contributions, on an apportioned basis or otherwise, on account of the payment of such taxes from any legatees or devisees under this will, or from any other donee or beneficiary. I authorize my Executors and Trustees to pay all such taxes on remainder interests or future interests at such time or times as they in their absolute discretion may deem advisable. Petitioner filed a Federal estate tax return for the estate with the district director of internal revenue at Philadelphia, Pennsylvania. The property interests passing to the decedent's wife, by reason of his death, consisted of five classes of items. These items and their values as finally determined by the respondent and agreed to by petitioner, before *71 consideration of any reduction required by reason of death taxes payable therefrom, are as follows: (1) Specific bequest of personal and
household effects
$ 2,832.00
(2) Life insurance
51,069.26
(3) Jointly-held property
22,500.00
(4) Inter-vivos transfer
5,000.00
(5) One-half residue before deduc-
tion of death taxes
114,572.40
Total
$195,973.66
The marital deduction for Federal estate tax purposes is the aggregate of the values of the items set forth in the preceding paragraph, or $195,973.66, reduced by any state or Federal death taxes properly chargeable against the property interests passing to decedent's wife. Petitioner paid Pennsylvania transfer inheritance taxes in the total amount of $11,402.92, less a discount of $421.05, or a net payment of $10,981.87. In determining the deficiency in issue in this case, respondent determined that there was a taxable estate of $212,358.56 and total estate tax liability of $51,470.96, computed as follows: Gross estate
$466,460.99
Funeral expenses and ex-
penses incurred in ad-
ministering property sub-
ject to claims
$ 26,719.91
Debts of decedent
2,635.27
29,355.18
Adjusted gross estate
$437,105.81
Net arrount deductible
for bequests to surviv-
ing spouse
164,747.25
Specific exemption
60,000.00
224,747.25
Taxable estate
$212,358.56
Gross estate tax
$ 54,407.57
Credit for State death taxes
2,936.61
Total estate tax liability
$ 51,470.96
*72 In determining the deficiency in issue in this case, respondent allowed a marital deduction of $164,747.25, computed as follows: Life insurance, items 2(a) and (b), schedule D
$ 51,069.26
Jointly owned real estate, item 1, schedule E
22,500.00
Household furnishings, etc., item 3, schedule F
882.00
Automobile, item 4, schedule F
1,950.00
Transfer (as adjusted), schedule G
5,000.00
$ 81,401.26
Gross probate estate ($466,460.99 - ins.
$101,069.26
j.o.p. $22,500 transfer $5,000)
337,891.73
Less debts and deductions
29,355.18
Net distributable estate
$308,536.55
Less specific bequests
$79,391.75
Pennsylvania inheritance tax
10,981.87
90,373.62
Tentative residue before Federal taxes
$218,162.93
Less Federal estate tax
51,470.96
$166,691.97
83,345.99
Marital deduction
$164,747.25
By the language he used in paragraph SIXTH of his will decedent expressed the dual intent that Federal estate tax and State inheritance tax were to be paid from the principal of the residue of his estate and that there was to be no apportionment between the two shares thereof except that which would result from the distribution thereof *73 only after the payment of such taxes. Petitioner contends that the decedent has failed to make testamentary provision for apportionment of the burden of "death taxes" between the two equal shares of his residuary estate; that because of such failure the state laws governing apportionment are controlling of the issue here; that such laws require the burden of such taxes to be borne in the entirety by the trust share of the residuary estate. We think petitioner's premise is faulty and it must therefore fail. The law of Pennsylvania controls with respect to the amount of the wife's share of the residuary bequest here involved. ; . The amount of that bequest is the only issue before us. There is no dispute here concerning the application of the Federal law to that amount. It seems very clear to us that the Pennsylvania Estate Tax Apportionment Act of 1951, P.L. 1405, has no application to the provisions of the will here in controversy for it has been decided and settled by that state's courts, and the wording of the Act indicates, that it is only where the testator has failed to apportion *74 the burden of taxation that the Act has application. ; . Petitioner, in contending that such a failure exists here, is we think attempting to create an issue where none exists. It is because the decedent has, by paragraph SIXTH of his will, apportioned the burden of "death taxes" that petitioner must fail here. Decedent has there clearly and expressly provided that the portion of his estate specifically bequeathed shall be distributed in its entirety free from tax; that what remains shall be subjected to reduction by the amount of the expense of administration plus "death taxes" and that the remainder shall comprise the distributable residue. There is only one residuary estate here. In expressing the intent that such taxes should be defrayed from his residuary estate as a whole, he has clearly expressed the corollary intent that there should be no apportionment between the two equal shares thereof. This controversy seems to stem from petitioner's wish that the decedent had not done so. See , where, in deciding the same issue with *75 respect to a residuary estate emanating from the State of New York, we stated: Acceptance of petitioner's argument would in effect give decedent's wife something more than he directed. * * * Decedent directed that she receive one-half of the residue. The residue of an estate is that which is left after the payment of debts and other charges, including taxes, against the estate and of specific and general bequests. * * * We recognize that payment of taxes from the estate before distribution is in effect a diminution of the residue; however, it was decedent's direction that his wife share only in the residue and we are unable to find that "residue" as used in the will has a meaning other than that indicated above. * * * Decision will be entered for the respondent.